GOOD HOPE REFINERIES, INC.,
Petitioner Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent
Cross-Petitioner.

No. 79–3580
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 23, 1980.

Meagher & Hrebek, John A. Meagher, Robert J. Hrebek, Manasquan, N.J., for petitioner cross-respondent.

Elliott Moore, Deputy Associate General Counsel, Lawrence E. Blatnik, Atty., Washington, D. C., for respondent cross-petitioner.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

The issues in this unfair labor practice case involve the ability of an employee to have union representation at an absence

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

counseling session, an interview with the employer concerning the employee's absence from work. The National Labor Relations Board found that the employer violated section 8(a)(1) of the National Labor Relations Act when it required an employee to participate in an absence counseling interview without union representation, and disciplined him for refusing to fully participate in that interview, and by requiring a union steward, under threat of discipline, to account for his efforts to represent the employee. The Board also found that the employer had violated sections 8(a)(1) and (5) of the Act by unilaterally altering the established practice of allowing union representation during absence counseling interviews. Because the Board's conclusions are supported by substantial evidence, we deny the employer's petition for review and enforce the Board's order on its cross-petition.

According to the Board's findings, prior to September 6, 1978, counseling by employer Good Hope Refineries, Inc. of employees regarding absences was conducted by the employee's immediate supervisor, generally on the job. Effective September 6, Good Hope changed the policy. Employees were now to report directly to the personnel office upon their return from an absence, and contrary to prior procedure, they were not necessarily entitled to be accompanied by a union representative.

On September 8, employee Gary Sullivan, who had been absent from work three days, refused to answer the personnel manager's inquiries without the presence of a union representative. The personnel manager told Sullivan before the meeting that union assistance was unnecessary, but acceded to Sullivan's request, allowing a union representative to be present. He resolved the absence questions. Afterward he reiterated that union assistance at the interview was unnecessary and stated that Sullivan's refusal to answer questions while unassisted constituted insubordination. The personnel manager placed a letter to that effect in Sullivan's file.

The Board concluded Sullivan was forced to submit without union representation to

an interview which he reasonably feared may have resulted in his discipline, and on that basis found a violation of section 8(a)(1). A second violation was found in requiring the union representative to account for his efforts, and threatening him with discipline in connection with those efforts. The Board ordered Good Hope to remove from all employee records any disciplinary warnings issued either to Sullivan or other employees in connection with this policy, and to cease and desist from similar or related unfair labor practices.

■ A review in this Court is limited to a determination whether the Board's conclusions are supported by substantial evidence on the record as a whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–91, 71 S.Ct. 456, 463–66, 95 L.Ed. 456 (1951); National Labor Relations Act § 10(e), 29 U.S.C.A. § 160(e).

Resolution of the issue is controlled by *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975), which held an employee may refuse to submit to an employer interview without union representation, if the employee reasonably fears the interview may result in discipline. *See also International Ladies' Garment Workers Union v. Quality Manufacturing Co.*, 420 U.S. 276, 95 S.Ct. 972, 43 L.Ed.2d 189 (1975).

■ Substantial evidence supports the Board's conclusions. The personnel manager questioned Sullivan without offering him the option of having the aid of his union. *See NLRB v. J. Weingarten, Inc.*, 420 U.S. at 258–59, 95 S.Ct. at 964. The Board's finding that "Sullivan reasonably feared the September 8 interview could result in discipline" is supported by the record, since the personnel manager had the clear authority to decide whether an absence would be excused. Company employees had recently been informed that unapproved absences could result in disciplinary action, including verbal and written warnings, suspension and termination. There was also evidence revealing the absence counseling interview was investigatory in nature, a fact recognized by Sullivan.

The efforts of Sullivan's fellow union member on his behalf were also protected under the Act. *International Ladies' Garment Workers Union v. Quality Manufacturing Co.*, 420 U.S. at 280, 95 S.Ct. at 974; National Labor Relations Act § 7, 29 U.S.C.A. § 157. Substantial evidence supports the Board's conclusion that the personnel manager's response to the union steward's efforts placed him in reasonable fear that the counseling interview would result in his own discipline. By discouraging union assistance for Sullivan during his absence counseling session, the employer violated section 8(a)(1).

█ The Board concluded that the employer's alteration of the employee counseling system worked a unilateral change in the collective bargaining agreement, and violated sections 8(a)(1) and (5) of the Act, 29 U.S.C.A. §§ 158(a)(1), (5). It ordered the employer to cease and desist from instituting unilateral policies regarding absence counseling sessions.

█ Substantial evidence supports the Board's conclusion. An employer breaches its duty under sections 8(a)(5) and 8(d) of the Act, 29 U.S.C.A. §§ 158(a)(5), (d), when it alters existing wages, hours and other terms and conditions of employment without notifying and conferring with the employees' statutory bargaining representative. *NLRB v. Katz*, 369 U.S. 736, 742–43, 82 S.Ct. 1107, 1111, 8 L.Ed.2d 230 (1962); *NLRB v. Laredo Coca Cola Bottling Co.*, 613 F.2d 1338, 1342 (5th Cir. 1980). An employer's unilateral modification of a mandatory subject of bargaining is an unfair labor practice under the Act. *See Allied Chemical & Alkali Workers Local 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971); *Axelson, Inc. v. NLRB*, 599 F.2d 91, 93 (5th Cir. 1979); National Labor Relations Act §§ 8(a)(1), (5), 29 U.S.C.A. §§ 158(a)(1), (5).

On its face, the employer counseling system implemented September 6 changed only minor details, since employees were directed to report to the personnel manager, rather than to their immediate supervisors. In practice, however, the system denied an employee the opportunity to seek union representation at such an encounter. Substantial evidence supports the Board's conclusion that the employer had never before denied union representatives the opportunity to accompany employees during absence counseling sessions.

The Board determined that alteration of the counseling policy was a mandatory subject of bargaining, because it altered a term and condition of employment. *NLRB v. Laredo Coca Cola Bottling Co.*, 613 F.2d at 1342; *see Ford Motor Co. v. NLRB*, 441 U.S. 488, 497, 99 S.Ct. 1842, 1849, 60 L.Ed.2d 420 (1979) ("Construing and applying the duty to bargain and the language of § 8(d), 'other terms and conditions of employment,' are tasks lying at the heart of the Board's function."). The matter here had a direct impact on the employment relationship, since the employee's refusal to submit to the counseling session in the absence of union representation became a permanent part of an employee's personnel file which could affect his future job security. *See NLRB v. Amoco Chemicals Corp.*, 529 F.2d 427, 431 (5th Cir. 1976). *See generally Allied Chemical & Alkali Workers Local 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971). The Ninth Circuit has recently held an employer "was required to bargain over any change in its policy concerning union representation at meetings with its employees." *Alfred M. Lewis, Inc. v. NLRB*, 587 F.2d 403, 412 (9th Cir. 1978); *cf. NLRB v. Amoco Chemicals Corp.*, 529 F.2d 427 (5th Cir. 1976) (change in discipline system held mandatory subject of bargaining).

Because the policy change had the effect of altering the collective bargaining relationship, we uphold the Board's determination that the employer's failure to bargain with the union on this issue was an unfair labor practice. *See NLRB v. W. R. Grace & Co.*, 571 F.2d 279, 282 (5th Cir. 1978).

Concluding substantial evidence on the record as a whole supports the Board's findings, its order is due to be enforced.

PETITION TO REVIEW DENIED; ORDER ENFORCED.